# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2025

Lyle W. Cayce
Clerk

―――――――

No. 24-40411

―――――――

JOHN GUILES; JENNIFER GUILES,

*Plaintiffs—Appellants*,

*versus*

GEOVERA ADVANTAGE INSURANCE SERVICES, INCORPORATED,

*Defendant—Appellee*.

―――――――――――――――――――――――――

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:23-CV-289

―――――――――――――――――――――――――

Before DENNIS, HAYNES, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:[*]

In this insurance dispute, Plaintiffs-Appellants John and Jennifer Guiles appeal the district court's grant of summary judgment in favor of their insurer, Defendant-Appellee GeoVera Advantage Insurance Services, Inc., on their common law and statutory bad faith claims. For the following reasons, we AFFIRM.

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-40411

I

On February 17, 2021, Plaintiffs submitted an insurance claim with GeoVera alleging their home was damaged during a freeze event known as Winter Storm Uri. After a protracted dispute about the amount of loss, Plaintiffs invoked the policy's appraisal provision in September 2021. In August 2022, the appraisal panel found that the total cost to repair Plaintiffs' home equaled $48,744.43. GeoVera paid the appraisal award in September 2022, less the deductible owed by the insured and prior payments made by the insurer.

Shortly thereafter, Plaintiffs brought this lawsuit against GeoVera. Plaintiffs' amended complaint alleged violations of Chapter 541 of the Texas Insurance Code (the Unfair Settlement Practices Act) and Chapter 542 of the Texas Insurance Code (the Texas Prompt Payment of Claims Act), as well as breach of the common law duty of good faith and fair dealing. After filing suit, in October 2023, GeoVera paid $8,320.37 for interest as calculated in compliance with the formula set forth in the Texas Prompt Payment of Claims Act and subsequently filed a motion for summary judgment, arguing that Plaintiffs' causes of action were extinguished by GeoVera's payment of the appraisal award plus interest. The district court granted the motion, finding GeoVera paid all benefits owed to Plaintiffs under the policy, and that nothing in the record demonstrated Plaintiffs were entitled to any additional damages under the Texas Insurance Code. Plaintiffs timely appealed.

II

We review a district court's grant of summary judgment *de novo*. *Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(a)).

## III

Plaintiffs argue that the district court erred because, in their view, an insured can recover actual and treble damages in tort for an improperly withheld payment, even when the insurer has already paid the appraisal award and any applicable interest. In doing so, they assert that Texas caselaw does not require an insured to prove an independent injury caused by the delay in payment of policy benefits to recover damages in tort.

Plaintiffs are incorrect. The Texas Supreme Court has made clear that "payment of an appraisal award forecloses an insurer's liability for breach of contract and common-law and statutory bad faith unless the insured suffered an independent injury." *Biasatti v. GuideOne Nat'l Ins. Co.*, 601 S.W.3d 792, 794 (Tex. 2020) (citing *Ortiz v. State Farm Lloyds*, 589 S.W.3d. 127, 129, 133, 135 (Tex. 2019)). It is undisputed that GeoVera paid the appraisal award along with applicable interest. It is also undisputed that Plaintiffs do not assert an independent injury beyond entitlement to the benefits that have already been paid out under the insurance policy. As such, they cannot maintain their common law or statutory bad faith claims.

Our court has also recently rejected Plaintiffs' same argument, explicitly holding that "if the only 'actual damages' that a plaintiff seeks are policy benefits that have already been paid pursuant to an appraisal provision in that policy, an insured cannot recover for bad faith either under Chapter 541 of the Texas Insurance Code or in common law tort." *Mirelez v. State Farm Lloyds*, 127 F.4th 949, 951 (5th Cir. 2025) (citing *Ortiz*, 589 S.W.3d at 135); *see also Senechal v. Allstate Vehicle & Prop. Ins.*, 127 F.4th 976, 978–79 (5th Cir. 2025) (same); *see also Navarra v. State Farm Lloyds*, No. 23-20582, 2024 WL 3174505 (5th Cir. June 25, 2024) (same). We agree. Because

No. 24-40411

Plaintiffs have recovered their policy benefits in full through payment of the appraisal award along with statutory interest, they cannot recover bad faith damages under the Texas Insurance Code or in tort. The district court properly entered summary judgment.

IV

For the foregoing reasons, we AFFIRM the district court's judgment.